## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**RICKEY GAVIN, # 153557**                                                    **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:16CV00158 KS-LRA**

**MARSHALL FISHER**                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Rickey Gavin filed a petition for writ of habeas corpus relief on October 4, 2016. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

Rickey Gavin pled guilty to capital murder in the Circuit Court of Jones County, Mississippi, on November 4, 2009. He was sentenced that same day to life imprisonment in the custody of the Mississippi Department of Corrections. Following his conviction, Gavin filed several post-conviction motions in the state courts.

A "Motion for Post-Conviction Collateral Relief," with a certificate of service date of February 19, 2010, was stamped "filed" in the Jones County Circuit Court on April 15, 2010.[1] On August 30, 2010, the circuit court denied the petition. The Mississippi Court of Appeals affirmed the denial on October 18, 2011, and issued a mandate on November

---

[1] The undersigned notes that this post-conviction motion and the accompanying application for in forma pauperis, certificate of indigency, and certificate of service all reflect different signature dates. For purposes of the instant petition, the undersigned uses the earliest date, February 19, 2010.

8, 2011. *Gavin v. Stat*e, 72 So.3d 570 (Miss. Ct. App. 2011). Nothing of record indicates that Gavin timely sought rehearing or certiorari review.[2]

A "Motion to Compel Advisement of Post-Conviction Motion," signed September 25, 2012, was filed in the Mississippi Supreme Court on October 4, 2012. The motion, which requested that the trial court be compelled to consider the relief requested, was liberally construed as a petition for writ of mandamus. On December 19, 2012, the Mississippi Supreme Court ordered that the motion be accepted for filing and consideration by the trial court. In doing so, the Mississippi Supreme Court again noted that Gavin had entered a guilty plea, and thus, any post-conviction motions including successive petitions should be filed in the trial court pursuant to *Jackson v. State*, 67 So.3d 725, 730 (Miss. 2011) (trial court should exercise initial jurisdiction over the post-conviction proceedings of defendants who plead guilty); *see also Martin v. State,* 556 So.2d 357, 359 (Miss. 1990) ("In cases where the prisoner has entered a plea of guilty, the trial court has exclusive, original jurisdiction to hear and determine a petition for post-conviction relief.").[3]

A "Petition for Writ of Habeas Corpus/Motion to Vacate Conviction and Sentence," signed January 4, 2012, was filed in the Jones County Circuit Court on or

---

2 ECF No. 8-2, pp. 1-9. The record reflects that Gavin sought permission to proceed with an out-of-time petition for writ of certiorari, but his request was denied on August 28, 2012. ECF No. 8-7–8-8.

3 ECF No. 8-9–8-0.

around that same date.  The motion was denied on January 24, 2013.  Nothing of record

indicates that Gavin appealed this denial.[4]

A "Motion for Leave to Proceed in the Trial Court to File a Second and

Successive Writ," signed April 2, 2014, was filed in the Mississippi Supreme Court on

April 4, 2014.  The Mississippi Supreme Court noted that the motion should have been

filed in the trial court pursuant to *Jackson*, and dismissed the motion on May 14, 2014.[5]

67 So.3d at 730.

A "Motion for Post-Conviction Collateral Relief Pursuant to MCA 99-39-1 et.

seq.," signed May 28, 2014, was filed in the Jones County Circuit Court on or around that

same date.  The motion was denied as a successive writ by that court on September 3,

2014.  Aggrieved, Gavin appealed.  The Mississippi Court of Appeals affirmed the denial

on July 21, 2015.  *Gavin v. State*, 170 So.3d 1242 (Miss. Ct. App. 2015).  The mandate

subsequently issued on August 11, 2015.  The instant petition, signed September 20,

2016, was filed on October 4, 2016.[6]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year

statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C.

§ 2244(d)(1), the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for

---

4 ECF No.  8-11–8-12.

5 ECF No.  8-13–8-14.

6 ECF No.  8-15–8-18.

3

seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

4

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court.  Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence.  *See Sanders v. Cabana*, 2:04CV273 P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005).  Miss. Code Ann. § 99-35-101 (Supp. 2009)[7] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty.  As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment.  *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).  Mississippi law further provides that when there is no direct appeal of a conviction or sentence, the prisoner must file his motion for post-conviction relief "as an original civil action in the trial court."  Miss. Code Ann. § 99-39-7 (Rev. 2007).

Gavin entered his guilty plea after the effective date of the amendment.  As such, he cannot be credited with the 30-day period for direct appeal granted to petitioners who pled guilty prior to July 1, 2008.  *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

---

[7]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court.  However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

Gavin's conviction therefore became final on November 4, 2009, the date he was sentenced by the trial court. To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before November 9, 2010. Although the record reflects that Gavin filed several post-conviction motions, only those "properly filed" in compliance with 28 U.S.C. § 2244(d)(2) warrant statutory tolling.

Gavin's first post-conviction motion, for example, was properly filed in the Jones County Circuit Court on February 19, 2010. As such, he is entitled to statutory tolling for the pendency of the motion, a total of 628 days, extending AEDPA's deadline from November 4, 2010, to July 24, 2012. He is also entitled to statutory tolling for the time period during which his subsequent post-conviction motion was pending in the Jones County Circuit Court, a total of 387 days, extending AEDPA's deadline from July 24, 2012, to August 15, 2013. None of Gavin's post-conviction motions filed in the Mississippi Supreme Court were properly filed under 28 U.S.C. § 2244 (d)(2). *See Jackson*, 67 So.3d at 730; *Martin,* 556 So.2d at 359; s*ee also Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002) (AEDPA's statute of limitations not tolled by mandamus application which did not seek collateral review). And, although Gavin's last post-conviction motion was properly filed in the Jones County Circuit Court in May 2014, it was filed after August 15, 2013, and therefore, too late to toll AEDPA's statute of limitations. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent any additional equitable or statutory tolling, Gavin's federal habeas petition, filed nearly seven years after he pled guilty, is untimely.

6

Gavin does not deny that his habeas petition is untimely.  In his petition for habeas relief, he argues the following circumstances affected his ability to pursue post-conviction remedies and should not bar his petition (as stated by Petitioner):

> I have been filing post conviction after post conviction with no real legal help. I know since I've been filing that legal cases has come into view. I now know that my counsel was ineffective for his lack of interviewing, investigating or trying to prove my innocence.  My public defender lead me to believe that I couldn't get a fair trial and going to trial was a waste. My other attorney . . .  was appointed by the capital defense to advocate me not getting the death penalty and a life sentence if which I received. The statute of limitations is new and due to my inexperience, my public defenders inexperience (in which I' have a letter confirming this claim) and my length of sentence I ask that my habeas corpus is viewed.[8]

None of the reasons articulated warrant additional equitable or statutory tolling of the federal statute of limitations.

AEDPA's one-year statute of limitations was enacted in 1996, more than twenty years ago.  Every inmate in the custody of the Mississippi Department of Corrections has access to legal assistance, case law and other legal materials through the Inmate Legal Assistance Program, ("ILAP") which was substituted for hardback libraries in 1997.  *See Neal v. Bradley*, 2:05CV67 M-B, 2006 WL 2796404 (N.D. Miss. Sept. 25, 2006) (referencing the affidavit of Gia N. McLeod, Director of the ILAP).  Through ILAP, inmates have the ability to submit a research request of any issues relevant to challenging his conviction and sentence.  They also receive a post-conviction packet containing an overview of federal habeas, "including a discussion of the one year statute of limitations

---

[8] ECF No. 1, pp. 13-14.

period of AEDPA" upon request.  *Neal,* 2006 WL 2796404 at *3-4.*  Gavin does not allege that he was denied access to AEDPA or ILAP.

The Fifth Circuit has also repeatedly held that ignorance of the law or proceeding *pro se*, are not "rare and exceptional" circumstances that warrant equitable tolling of the AEDPA limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).  Although Gavin alleges ineffective assistance of counsel led to his guilty plea, he does not assert that his attorneys were retained to represent him in his post-convictions proceedings or prevented him from timely filing the instant petition.  A petitioner "cannot claim diligence in his reliance on attorneys for a period of time during which he had no reason to believe he was actively represented by counsel."  *Tsolainos v. Cain*, 540 F. App'x 394, 399 (5th Cir. 2013).

Even if the Court were to accept Gavin's contention that his ability to pursue habeas relief was impeded by these factors, he cannot establish that these factors, either alone or in combination, delayed the filing of the instant petition rather than his lack of diligence.  Although his last post-conviction motion, filed in May 2014, was too late to toll AEDPA's statute of limitations, no state-court matter of any kind was pending after the Mississippi Court of Appeals issued its second mandate in August 2015.  Yet, Gavin waited more than a year after the court's mandate to file the instant petition.

More than three years have passed between the statute of limitations deadline in August 2013, and the filing of the instant petition, but Gavin offers no persuasive explanation for his failure to file before now.  None of AEDPA's other statutory

exceptions are alleged, nor are they applicable, and none of Petitioner's remaining arguments are relevant to the timeliness of his federal habeas petition. The Court finds Petitioner's habeas petition is time-barred by 28 U.S.C.§ 2244(d)(1)(A), and should be dismissed with prejudice. Because the Court so finds, it need not reach the issue of procedural default.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on May 31, 2017.

_____
s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

9